**Cintya Dewi PUSPA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General Of The United States,[1] Respondent.**

No. 07–1778–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

H. Raymond Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Ernesto H. Molina, Senior Litigation Counsel, Office of Immigration Litigation; Jeffery R. Leist, Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Cintya Dewi Puspa, an ethnic Chinese Indonesian and a Christian, seeks review of a March 28, 2007 order of the BIA affirming the August 2, 2005 decision of Immigration Judge ("IJ") Paul A. De-Fonzo denying Puspa's application for asylum and withholding of removal. *In re Cintya Dewi Puspa*, No. A 98 773 561 (B.I.A. Mar. 28, 2007), *aff'g* No. A 98 773 561 (Immig. Ct. N.Y. City Aug. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision, minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA disagreed with the IJ's finding that Puspa demonstrated a well-founded fear of persecution based on a pattern or practice of discrimination and violence directed against Christian Chinese

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Indonesians. However, the BIA concurred with the IJ's denial of asylum, and agreed with the IJ's determination that Puspa failed to demonstrate eligibility for withholding of removal. Thus, this Court may review both the IJ's and BIA's decisions, minus those findings that the BIA declined to adopt. *See id.*

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Substantial evidence supports the BIA's determination that Puspa failed to meet her burden of proof for asylum and withholding of removal. Puspa testified that in the 1990s, in separate incidents, native Indonesians robbed her and her sister at knifepoint. According to Puspa, her parents did not report these incidents to the police because to do so was "just a waste of time." Puspa further testified that another sister was injured after native Indonesians set fire to the building where she worked during the 1998 riots in Indonesia. Puspa indicated also that while she was driving in 1999, a native Indonesian tried to run her off the road, and that she suspected he intended to rob her. Puspa stated that although the police tried to help her, they never caught the driver of the other car. Puspa additionally testified that she at times had problems attending church in Indonesia because native Indonesians would attend soccer matches nearby and then "go around on a drunken rampage." Lastly, she stated that her husband's family members had been granted asylum in the United States. The BIA and IJ reasonably found that Puspa's past experiences—by her own testimony primarily motivated by an intent to rob—did not amount to persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (explaining that to constitute persecution, the harm must rise above "mere harassment"); *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir.2006) (clarifying that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse); *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive," and "inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control"). Moreover, there is no indication that the BIA or IJ neglected to consider the cumulative effect of these events. *See Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005) (finding that, when assessing past persecution, the adjudicator must consider the cumulative effect of an applicant's experiences).

■ Similarly, substantial evidence supports the BIA's determination that Puspa failed to establish a well-founded fear of persecution. Because she failed to establish that she had been subjected to past persecution, there is no presumption of any likelihood that she would be subjected to future persecution in Indonesia. 8 C.F.R. § 1208.16(b)(1). The record supports the BIA's determination that the background materials did not establish a pattern and practice of persecution of Chi-

nese Indonesian Christians. The 2004 State Department Country Report on Human Rights Practices for China ("Country Report") states that the Indonesian Constitution recognizes Islam, Protestantism, Catholicism, Hinduism, and Buddhism, and that other individuals of other religious faiths experienced official and societal discrimination. Although the Country Report indicates that instances of discrimination and harassment occur against ethnic Chinese Indonesians, the Indonesian government officially promoted racial and ethnic tolerance, and the instances of discrimination and harassment of ethnic Chinese Indonesians declined compared with previous years. The articles submitted by Puspa do not contradict the Report.

Puspa failed to establish that there is a pattern or practice of persecution in Indonesia as a whole against ethnic Chinese Indonesian Christians. The BIA reasonably found, therefore, that Puspa did not establish a well-founded fear that she would suffer persecution if returned to her native country. 8 C.F.R. § 1208.13(b)(2). Substantial evidence supports the agency's denial of asylum, and the BIA appropriately declined to reach the issue of whether Puspa warranted a favorable exercise of discretion.

Likewise, the BIA reasonably found that Puspa did not demonstrate eligibility for withholding of removal. Given that Puspa failed to demonstrate a pattern or practice of persecution of ethnic Chinese Indonesian Christians, the BIA reasonably found that she failed to demonstrate a clear probability that she would be persecuted if returned to Indonesia. *See* 8 C.F.R. § 1208.16(b)(2).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.